NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

BRUNO LOPEZ,

    Plaintiff,

  v.

JOSEPH ROSCIO, MARISIA ROSCIO, and BARR CONSTRUCTION,

    Defendants,

---

JOSEPH ROSCIO and MARISIA ROSCIO,

    Defendants/Third-Party Plaintiffs,

  v.

BARR CONSTRUCTION,

    Defendant/Third-Party Defendant/Third-Party Plaintiff,

  v.

F. GREGORIO ELECTRICAL and ALL-CLIMATE AIR CONDITIONING & HEATING,

    Third-Party Defendants.

CIVIL ACTION NO. 03-1770 (DRD)

OPINION

Appearances

Mira Lukovic Mullins, Esq.
LAW OFFICES OF MIRA LUKOVIC MULLINS
1 Newark Street
Suite 28
Hoboken, NJ 07030

Kevin Concagh, Esq.
KEVIN CONCAGH, P.C.
225 Broadway
New York, NY 10007

    *Attorneys for Plaintiff Bruno Lopez*

William P. Cunningham, Esq.
LAW OFFICES OF JUDITH A. HEIM
12 Vreeland Road
P.O. Box 975
Florham Park, NJ 07932

    *Attorney for Defendants Joseph Roscio and Marisia Roscio*

Brigid Hagerty Farley, Esq.
LAW OFFICES OF BRIGID HAGERTY FARLEY
100 Eagle Rock Avenue
East Hanover, NJ 07936

    *Attorney for Defendant/Third-Party Defendant/Third-Party Plaintiff Barr Construction*

Robert F. Colquhoun, Esq.
COLQUHOUN & COLQUHOUN, PC
165 South Street
Morristown, NJ 07960

    *Attorney for Third-Party Defendant F. Gregorio Electrical*

Frank. J Kunzier, Esq.
John Andrew Fearns, Esq.
FRANK J. KUNZIER
6 Campus Drive
Parsippany, NJ 07054

    *Attorneys for Third-Party Defendant All-Climate Air Conditioning & Heating*

## *OPINION*

## **DEBEVOISE, Senior District Judge**

Presently before the court is the motion of Third-Party Defendant All-Climate Heating & Air Conditioning ("AC") for summary judgment, which is being opposed by Defendant/Third-Party Plaintiff Barr Construction ("Barr") and Third-Party Defendant F. Gregorio Electrical ("Gregorio"). For the reasons set forth below, the motion for summary judgment will be denied.

### *FACTS*

Plaintiff Bruno Lopez ("Plaintiff" or "Lopez") seeks damages for personal injuries he suffered in 2002 as a result of coming into contact with exposed electrical wiring. The accident occurred while Plaintiff was working in the crawl space of the home of Defendants Joseph and Marisia Roscio (collectively the "Roscios") in Waldwick, New Jersey. The crawl space allegedly contained a dangerous and defective condition, namely the exposed electrical wiring. An electrical junction box in the crawl space was allegedly uncovered and exposed the electrical wiring.

Apparently, the dangerous and exposed electrical wiring arose from renovation work done on the Roscios' property in 1995. Pursuant to an agreement with the general contractor Barr, AC performed services at the Roscios' property, including the removal of an old furnace and installation of a new furnace with associated pipe work. (McCleaver Certification ¶ 2.)

Barr is a general contractor who alleges that the third-party defendants – *i.e.*, AC and/or Gregorio – are responsible for the dangerous and defective condition and therefore are liable for Plaintiff's injuries. More specifically, Barr alleges that in 1995 AC performed HVAC work which included the disconnection and removal of a furnace in the crawl space of the Roscios'

3

home. Barr contends that AC was specifically hired to remove the furnace and, in order to do so, would have had to disconnect the furnace from the electrical service. With respect to questioning as to whether he knew who disconnected the furnace, Richard VandeWeert Sr. responded, "I would just speculate, not physically there seeing who did it, no." (VandeWeert Dep. at 43:18-21.) After counsel objected to further questioning about who disconnected the furnace, VandeWeert testified that it was his understanding that AC disconnected the furnace. (Id. at 44:20-23.) Lastly, Barr also points to the fact that AC submitted at least three draft proposals to Barr, all of which stated that AC would perform "All necessary electric work." VandeWeert testified that he did know when the language "All necessary electric work" was stricken from the proposals and replaced with the handwritten words "no elec[.] done by other". (Id. at 70:7-11.)

       AC disputes Barr's allegations, arguing that although AC removed the furnace, it did no electrical work in 1995 at the Roscios' property and was therefore not responsible for the exposed wiring. AC argues that its earlier proposals – which stated that AC would perform "all necessary electric work" and "all necessary electric work" had not been crossed out – were merely form proposals that did not necessarily reflect the exact nature of the work to be performed. Rather, AC argues, the final proposals – which include carbon markings that no electrical work was to be performed by AC – accurately described the work done by AC. AC further argues that it was always the understanding between AC and Barr that AC would not perform any electrical work at any time regarding the removal of the furnace that allegedly was connected to the junction box. (Moving Br. ¶ 8.) In his deposition, Jason McCleaver (owner of AC in 1995 and currently) testified that he removed the old furnace but did not know who disconnected the electrical supply. McCleaver also certifies that "[p]rior to the removal of the

4

old furnaces [*sic*] at the Roscio property, I personally inspected the crawl space and the furnace itself by walking around the circumference of the same with a flashlight and confirmed that there were no electrical connections to the furnace at that time before removing it. . . . I removed the old furnace only after confirming that the electrical disconnection process had been completed." (McCleaver Certification ¶¶ 6, 9.)  Finally, AC indicates that none of the work permits reflecting electrical work made any reference to AC.

### *DISCUSSION*

Summary judgment will be granted if the record establishes that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  Rule 56(c) imposes a burden on the moving party simply to point out to the district court that there is an absence of evidence to support the nonmoving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Once the moving party has met this burden, the burden then shifts to the non-moving party.  She "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Moreover, she may not simply "replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).  Rather, she must "set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e).

At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249.  The mere existence of some alleged factual dispute between

5

the parties will not defeat an otherwise properly supported motion for summary judgment.  Id. at 247.  In determining whether there exists a material issue of disputed fact, however, the facts and the inferences to be drawn from the facts are to be viewed in the light most favorable to the nonmoving party.  Pollock v. Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986).

In this case, AC argues that it removed the furnace but did not do any of the electrical work that was necessary to remove the furnace.  As evidence, AC offers copies of the proposals which contain strike-outs of the words "All necessary electric work" which is replaced by the words "no elec[.] done by other".  Barr has shown that a genuine issue of material fact exists as to whether AC was responsible for performing "All necessary electric work" with respect to the removal of the furnace.  AC's copies of the proposals differ from Barr's copies in two crucial aspects that are relevant to this motion – "All necessary electric work" is stricken from AC's copies but not from Barr's, and AC's copies contain the additional handwritten words "no elec[.] done by other" but Barr's copies do not.  These differences in the parties' copies of the proposals raise an issue as to which party was responsible for performing the electrical work needed to remove the furnace, and thus which party might ultimately be liable for Plaintiff's injuries.

## CONCLUSION

Accordingly, AC's motion for summary judgment will be denied.  An appropriate order will be issued.


/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

July 18, 2005